UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ZARAGOZA RIOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CONTRA COSTA SHERIFF'S DEPT.,<br><br>　　　　Defendants. | Case No. 21-09465 BLF (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE COMPLAINT AND APPLICATION TO PROCEED *IN FORMA PAUPERIS*; DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

On November 23, 2021, Plaintiff filed a three-page handwritten document in the Eastern District of California which was construed as an attempt to file a civil rights complaint under 42 U.S.C. § 1983 in *pro se*, against the Contra Costa County Sheriff's Department. Dkt. No. 1. On December 7, 2021, the Eastern District transferred the matter to this Court as the proper venue. Dkt. No. 4. On the same date, the Clerk of this Court sent Plaintiff two separate notices, instructing him that within twenty-eight days he must: (1) file a complaint on the court form, and (2) either pay the full filing fee or file an application to proceed *In Forma Pauperis* ("IFP") in order to proceed with this action or face dismissal. Dkt. Nos. 6, 7. On December 27, 2021, Plaintiff filed a letter stating that he wished to make partial payments, that he needed more time to obtain counsel, and asking whether the Court could assign counsel to him. Dkt. No. 10. The matter was

reassigned to the Undersigned on February 1, 2022. Dkt. Nos. 12, 13.

Plaintiff is advised that to qualify to make partial payments of the filing fee, he must file a complete IFP application to establish his inability to pay the entire fee upfront. Plaintiff is also advised that he must file a proper complaint on the court form in order for this matter to proceed. In the interest of justice, the Court construes Plaintiff's letter as a request for an extension of time to file these documents and GRANTS the request. Plaintiff shall file a complaint and IFP application **no later than twenty-eight (28) days** from the filing date of this order.

With regard to Plaintiff's request for counsel, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff has set forth no grounds to indicate exceptional circumstances warrant appointment of counsel. Accordingly, the request is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**Failure to file a complaint and an IFP application in the time provided shall result in this action being dismissed without prejudice and without further notice to Plaintiff.**

///

///

**IT IS SO ORDERED.**

Dated:  __February 3, 2022__

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order Granting EOT to file complaint & IFP
P:\PRO-SE\BLF\CR.21\09465Rios_eot-ifp&comp.docx